# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-10486
Conference Calendar

EDWARD NUNEZ

Plaintiff-Appellant

v.

JOE HUNT, Tom Green County Sheriff; MARY BYRNES, Tom Green County
Jail Commander; T J JACKSON, Tom Green County Jailer; JOSIE ROBINSON,
Tom Green County Jail Nurse; ANDY KOLB, Tom Green County Jails Gang
Intelligence

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CV-74

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Edward Nunez, Texas prisoner # 543933, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal as frivolous of his civil rights complaint. Nunez seeks appointment of counsel on appeal. Nunez has shown no exceptional circumstances that warrant an appointment. Nunez's motion for appointment of counsel is denied.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Nunez's IFP motion is construed as a challenge of the certification decision. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). The court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." Howard, 707 F.2d at 220 (quotation marks omitted). In his brief supporting his IFP motion, Nunez simply restates some of the factual allegations made below, which were addressed by the magistrate judge in finding the case to be without factual or legal foundation. Nunez provides no legal argument challenging the magistrate judge's findings. Nunez has not explained how his restatement of factual allegations shows that the magistrate judge erred in dismissing his claims. Nunez has failed to brief any issues for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, Nunez's failure to brief the issues has waived his challenge to the dismissal as frivolous. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 260 n.9 (5th Cir. 1995).

The motion for leave to proceed IFP on appeal is denied. Nunez's appeal is without arguable merit, see Howard, 707 F.2d at 219-20, and is dismissed as frivolous. See 5TH CIR. R. 42.2. The magistrate judge's dismissal of Nunez's complaint as frivolous and this court's dismissal of Nunez's appeal both count as strikes for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Nunez that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPOINTMENT OF COUNSEL DENIED; IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.